UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **SEAN EARL JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:20-cv-00783 |
| | ) |
| **f/n/u FLY, f/n/u DAVIS, and** | ) |
| **RUTHERFORD COUNTY SHERIFF'S** | ) |
| **DEPARTMENT,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Sean Earl Jones, an inmate of the Rutherford County Sheriff's Department in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Chief f/n/u Fly, Lieutenant f/n/u Davis, and the Rutherford County Sheriff's Department. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard

1

articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir.2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). A court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

2

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that inmates housed in the two medical pods at the Rutherford County Sheriff's Department "do not receive the same treatment" as inmates housed in the other pod. (Doc. No. 1 at 5). Specifically, the complaint alleges that, unlike inmates in the other pod, inmates in the medical pods "are on tier management," their doors are "constantly locked," and they are "locked down for a full 24 hours before [their] next rec. period." (Id. at 5-6). Further, the complaint alleges these differences violate "the T.C.I. minimum standard set forth in 1400-01-12." (Id. at 5).

## IV. Analysis

The complaint names three Defendants: the Rutherford County Sheriff's Office, Chief f/n/u Fly, and Lieutenant f/n/u Davis. Plaintiff sues Chief Fly and Lieutenant Davis in their official and individual capacities. (Doc. No. 1 at 2).

Beginning with Plaintiff's claims against the Rutherford County Sheriff's Office, a police or sheriff's department is not a "person" that can be sued under 42 U.S.C. § 1983. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Mathes v. Metro. Gov't of Nashville &

3

Davidson Cnty., No. 3:10-cv-0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since Matthews, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim against the Davidson County Sheriff's Office). Consequently, Plaintiff's Section 1983 claims against the Rutherford County Sheriff's Office must be dismissed for failure to state a claim upon which relief may be granted. Those claims will be dismissed.

Next, with regard to Plaintiff's claims against Chief Fly and Lieutenant Davis in their individual capacities, other than being listed as Defendants, neither person is mentioned in the narrative of the complaint or anywhere else in the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Miller v. Calhoun Cnty., 408 F.3d 803, 827 n.3 (6th Cir. 2005); Dunn v. Tenn., 697 F.2d 121, 128 (6th Cir. 1982). Because Plaintiff does not allege the personal involvement of Chief Fly or Lieutenant Davis in the events set forth in the complaint, Plaintiff has not established a basis for imposing individual liability on these Defendants. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012). Thus, Plaintiff's claims against Chief Fly and Lieutenant Davis in their individual capacities must be dismissed.

With regard to Plaintiff's claims against Chief f/n/u Fly and Lieutenant f/n/u Davis in their official capacities, it is well-settled that an official capacity claim is equivalent to a claim against a defendant's employer. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"); Gennoe v. Washburn, No. 3:19-cv-00478, 2019 WL 5693929, at *5 (M.D. Tenn. Nov. 4, 2019) (citing Galloway v. Swanson, No. 5:09CV02834, 2012 WL 646074, at *8 (N.D. Ohio Feb. 28,

2012) ("An official capacity claim against an employee of a private corporation is viewed as a claim against the corporate entity itself."), aff'd sub nom. Galloway v. Anuszkiewicz, 518 F. App'x 330 (6th Cir. 2013)). The complaint alleges that Chief f/n/u Fly and Lieutenant f/n/u Davis are employees of the Rutherford County Sheriff's Office. (Doc. No. 1 at 2).

While a county is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51 (2011) (internal citations and quotation marks omitted). Under Section 1983, a county can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the county's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693 (1978)); Regets v. City of Plymouth, 568 F. App'x 380, 394-95 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

Here, liberally construing the allegations of the pro se complaint, Plaintiff alleges that Rutherford County has a policy or custom of treating inmates housed in medical pods differently than inmates housed in other pods. Specifically, Plaintiff alleges that, unlike inmates in the other pod, inmates in the medical pods "are on tier management," their doors are "constantly locked," and they are "locked down for a full 24 hours before [their] next rec. period." (Id. at 5-6).

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend.

XIV, § 1. The Fourteenth Amendment is "in essence 'a direction that all persons similarly situated should be treated alike.'" Robinson v. Jackson, 615 F. App'x 310, 314 (6th Cir. 2015) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). Thus, the threshold element of an equal protection claim is disparate treatment. Scarbrough v. Morgan Cty. Bd. of Educ., 470 F.3d 250, 260 (6th Cir. 2006). A plaintiff must allege that the government treated him or her disparately as compared to "similarly situated persons." Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 379 (6th Cir. 2011); see also Tree of Life Christian Schs. v. City of Upper Arlington, 905 F.3d 357, 368 (6th Cir. 2018) (explaining that an equal protection plaintiff must be similarly situated to his comparators "in all relevant respects"). However, "to establish an equal protection violation, a plaintiff must establish more than differential treatment alone—a discriminatory intent or purpose is required." Maye, 915 F.3d at 1085 (citing Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-65 (1977)); Pleasant-Bey v. Tenn., No. 3:19-cv-00486, 2020 WL 707584, at *9 (M.D. Tenn. Feb. 12, 2020). A plaintiff may state an equal protection claim by plausibly alleging "that (1) he was treated disparately from similarly situated prisoners, and (2) the disparate treatment is the result of intentional and purposeful discrimination." Davis v. Heyns, No. 17-1268, 2017 WL 8231366, at *4 (6th Cir. Oct. 16, 2017) (quoting Robinson, 615 F. App'x at 314-15).

Here, although Plaintiff alleges that he was treated differently than prisoners who were placed in the non-medical pods of the Rutherford County Sheriff's Office, he does not allege that any Defendant "intentionally discriminated against him because of his membership in that protected class." McGaughy v. Johnson, 63 F. App'x 177, 178 (6th Cir. 2003) (citing Herron v. Harrison, 203 F.3d 410, 417 (6th Cir. 2000)). Nor does Plaintiff allege that he is a member of any protected class; notably, prisoners as a group are not members of a protected class for equal

protection purposes. See Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997) Nor does Plaintiff allege any other discriminatory intent or purpose sufficient to support an equal protection claim. Because Plaintiff has not sufficiently alleged a discriminatory intent or purpose, his policy-based equal protection claim against Rutherford County must be dismissed for failure to state a claim upon which relief can be granted under Section 1983.

To the extent that Plaintiff challenges his placement in the medical pod with its "tier management" system as a federal due process claim against Rutherford County, an inmate does not have a liberty interest in a particular security classification. Miller v. Campbell, 108 F. Supp.2d 960, 963 (W.D. Tenn. 2000) (citations omitted). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. See Meachum v. Fano, 427 U.S. 215, 225 (1976). In Sandin v. Conner, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to the Sandin Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 486-87; see also Jones v. Baker, 155 F.3d 810, 812 (6th Cir. 1998); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995).

The complaint alleges that the cell doors of inmates in the medical pod are "constantly locked." (Doc. No. 1 at 5). The Court finds that this allegation, even if true, does not describe an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 486-87.

7

The complaint also alleges that inmates in the medical pod are "locked down for a full 24 hours before [their] next rec. period." (Doc. No. 1 at 5). The amount of exercise that a prisoner is provided need only comport to the "'minimal civilized measure of life's necessities.'" Walker v. Mintzes, 771 F.2d 920, 927 (6th Cir. 1985) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); Jones v. Stine, 843 F. Supp. 1186, 1193 (W.D. Mich. 1994) (citing Walker, 771 F.2d at 927–28 (6th Cir. 1985)) (recognizing that the Sixth Circuit, applying Supreme Court precedent, has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being). Therefore, a total denial of recreational opportunities may violate the Constitution. See Walker, 771 F.2d at 927-28; McNabb, 2018 WL 2318342, at *4 (finding that prisoner-plaintiff stated a colorable Eighth Amendment claim when he alleged that jail has a policy of denying inmates all outdoor recreation and exercise).

Here, the complaint does not allege that Plaintiff is denied all recreation, only that Plaintiff and other inmates housed in the medical pod are kept on lockdown for 24 hours before their next prescribed recreation period. The Court finds that this schedule does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 486-87. Inmates have no constitutional right to be confined in any particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983); Hewitt v. Helms, 459 U.S. 460, 468 (1983) (superseded by statute on other grounds); Meachum v. Fano, 427 U.S. 215, 224 (1976); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986). It follows, then, that inmates have no constitutional right to be confined to a particular part of a prison. Likewise, prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989); Carter v. Corrs. Corp. of Am., No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999). Because Plaintiff has not

8

sufficiently alleged a constitutionally-protected liberty interest, his policy-based due process claims against Rutherford County must be dismissed for failure to state a claim upon which relief can be granted under Section 1983.

In sum, the complaint fails to state any actionable Section 1983 claims against Chief f/n/u Fly and Lieutenant f/n/u Davis in their official capacities.

Finally, the complaint alleges that the circumstances described in the complaint violate "T.C.I. 1400-61-12." (Doc. No. 1 5). However, alleged violations of state department of correction policies are not actionable under Section 1983. See Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995) (stating that, after Sandin, it became clear that mandatory language in prison regulations does not create a liberty interest protected by the due process clause); Upshaw v. Jones, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015). Consequently, the Court finds that the complaint fails to state Section 1983 claims arising from any Defendants' failure to follow Tennessee or facility policies.

## V. Conclusion

For the reasons explained herein, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

9

Case 3:20-cv-00783   Document 4   Filed 09/22/20   Page 9 of 9 PageID #: 22